CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
AUG 31 2010
JULIA C. DUDLEY, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| EDWARD JAMES EGAN, SR., | ) |
| | ) |
| Petitioner, | ) |
| | ) Case No. 7:10CV00336 |
| v. | ) |
| | ) |
| | ) MEMORANDUM OPINION |
| GENE M. JOHNSON, DIRECTOR OF | ) |
| VIRGINIA DEPARTMENT OF | ) By: Glen E. Conrad |
| CORRECTIONS, | ) Chief United States District Judge |
| | ) |
| Respondent. | |

Petitioner, a Virginia inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner challenges the validity of his confinement pursuant to February 2004 judgment of the Roanoke County Circuit Court under which he stands convicted of two misdemeanors: (1) sexual battery and (2) assault and battery. Upon review of the record, the court finds that the petition must be dismissed.

## Background

A jury in the Roanoke County Circuit Court found Edward James Egan, Sr., guilty of sexual battery and assault and battery. The Court sentenced Egan on February 4, 2004 to 18 months in prison. No timely appeal was filed as to these convictions.

Shortly after his February 2004 convictions, Egan faced other, more serious criminal charges in Roanoke County, which are not at issue in his current petition. On June 11, 2004, a jury found him guilty of two counts of forcible sodomy, one count of rape, and one count of inanimate object penetration. The Court sentenced him in November 2004 to a total sentence of

150 years in prison.[1] Egan has filed multiple post-conviction proceedings as to this second set of convictions. In a habeas petition filed in the Circuit Court, Egan made some mention of the February 2004 convictions; however, because the petition was filed on January 3, 2007, more than two years after the February 9, 2004 convictions became final, any claims regarding those convictions were untimely under Va. Code Ann. § 8.01-654(A)(2). (Dkt. No. 5, pp. 41-41.)

On June 11, 2009, Egan filed a motion in the Court of Appeals of Virginia, asking for permission to file a delayed appeal from the February 2004 judgment. By order entered June 25, 2009, this motion was denied. In December 2009, Egan filed a petition for a writ of habeas corpus in the Supreme Court of Virginia, which was denied by order entered February 19, 2010; the Court denied Egan's petition for rehearing on April 21, 2010.

Egan signed and dated his federal petition on July 24, 2010. In the petition, he argues that the Virginia courts denied him the right to a direct appeal from the February 2004 convictions and that counsel refused to file an appeal from these convictions. He also states that counsel did not properly investigate in this case, did not request any discovery, did not call witnesses, did not produce evidence, and did not call Egan to testify in his own defense during the trial proceedings on these charges.

## Discussion

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from the date on which the judgment of

---

[1] Egan claims that the Circuit Court relied on his February 2004 convictions in giving him a longer sentence on the November 2004 convictions.

conviction becomes final. See 28 U.S.C. § 2244(d)(1)(A).[2] A conviction becomes final once the availability of direct review is exhausted. See United States v. Clay, 537 U.S. 522, 524 (2003). However, pursuant to 28 U.S.C. § 2244(d)(2), the one-year filing period is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is "pending."

Egan's convictions became final on March 10, 2004, thirty days after entry of the judgment, upon expiration of his time to file a direct appeal to the Court of Appeals of Virginia. See Rule 5A:6(a) of the Rules of the Supreme Court of Virginia. On that same day, the one-year period under § 2244(d)(1)(A) to file a § 2254 petition began to run for Egan. This period expired on March 14, 2005.

Egan filed this federal habeas petition, at the earliest, on July 24, 2010, well beyond the requisite one-year statute of limitations that expired on March 14, 2005.[3] As a result, his petition is untimely under § 2244(d)(1)(A). The one-year filing period under this section had already

---

[2] Under § 2244(d), the one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1)(A)-(D). Section 2244(d)(2) provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

[3] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his petition to prison officials for mailing. See Rule 3(d), Rules Governing §2254 Cases; Houston v. Lack, 487 U.S. 266 (1988). It appears that Egan signed his petition on July 24, 2010. Accordingly, the court will assume for purposes of this opinion that it was "filed" on that date.

expired by the time Egan filed his request for a belated appeal in the Court of Appeals in June 2009 and his state habeas petition in the Supreme Court of Virginia in December 2009. Therefore, the pendency of that petition did not toll the period of limitation pursuant to § 2244(d)(2). See Brown v. Langley, 348 F. Supp. 2d 533, 536 (M.D. N.C. 2004) ("[S]ubsequent motions or petitions cannot revive a period of limitation that has already run."). The appeals that Egan has pursued in challenging his confinement under the November 2004 judgment also do not qualify under § 2244(d)(2) so as to toll the federal limitation period in this case, because they were challenging a different judgment. The state habeas proceedings he filed concerning the November 2004 convictions also did not toll the federal limitations period for the 2004 conviction for two reasons: (1) the Circuit Court petition could not toll the federal habeas filing period as to the February 2004 convictions, because that petition was filed in January 2007, nearly two years after the federal filing period had expired as to the February 2004 convictions; and (2) the Circuit Court petition was not properly filed so as to toll the federal filing period, because it was dismissed as untimely under Va. Code Ann. § 8.01-654(A)(2). See Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that state habeas proceeding filed outside state habeas time limits is not "properly filed" for purposes of § 2244(d)(2)). For the stated reasons, the court concludes that under § 2244(d)(1)(A), Egan's current petition is untimely.

Egan asserts that his petition should be deemed timely filed under § 2244(d)(1)(B), because several state-created impediments hampered his "diligent" efforts to obtain the materials he believed he needed before he could seek appellate review of his February 2004 convictions: (1) his court-appointed counsel was allegedly not qualified for court-appointments, and both he and Egan moved for his withdrawal from the representation, but the court denied the motions; (2)

trial counsel allegedly failed to respond to Egan's letters asking for copies of documents from the criminal file until the Virginia State Bar ordered him to do so; (3) the trial court refused to allow Egan to represent himself in that case or to send him copies of documents from the proceedings; and (4) counsel refused to file an appeal.

The court finds no ground for finding the petition timely under § 2244(d)(1)(B), based on these alleged, state-created impediments. Egan simply does not demonstrate that counsel's refusal to file a direct appeal or Egan's own inability to obtain documentation (from counsel or the Circuit Court) prevented Egan from filing a timely federal <u>habeas</u> petition. If Egan knew that counsel had not filed an appeal from the February 2004 convictions, then he knew he would have to take action to vindicate his rights regarding those convictions, either by filing a <u>pro se</u> appeal or by pursuing a state <u>habeas</u> petition. He did not take either of these steps. He also fails to show why the documents he sought were necessary to his filing of a <u>habeas</u> petition in this court. Indeed, in the course of a <u>habeas</u> proceeding, the court would have reviewed the records from the criminal proceeding and could have addressed Egan's current arguments. For the stated reasons, the court concludes that Egan cannot invoke § 2244(d)(1)(B) to render his petition timely filed.[4]

Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." <u>Rouse v. Lee</u>, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quotation marks omitted). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present "(1) extraordinary circumstances, (2) beyond his control or

---

[4] Egan does not argue any ground on which his petition should be deemed timely under the other subsections of § 2244(d)(1), and the court finds none.

external to his own conduct, (3) that prevented him from filing on time." Id. Petitioner must demonstrate that he exercised "reasonable diligence in investigating and bringing [the] claims." Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 617 (3d Cir. 1998).

Egan argues that his efforts to obtain documents from the criminal proceedings are grounds for equitable tolling. As stated, however, he does not demonstrate that he was unable to file a federal habeas petition simply because he lacked documents. He also mentions his serious health problems, his being transferred from prison to prison, his limited access to his legal documents, his limited education, and the death of his son during post-conviction proceedings as grounds on which the limitation period should be equitably tolled. He does not demonstrate that any one of these problems, or all of the problems taken together, prevented him from filing a timely federal habeas petition. Accordingly, the court concludes that he is not entitled to equitable tolling of the limitation period under § 2244(d)(1)(A).

## Conclusion

For the stated reasons, the court finds it clear from the face of Egan's submissions that his § 2254 petition is untimely under § 2244(d)(1) and that he is not entitled to equitable tolling. Accordingly, the petition must be summarily dismissed, pursuant to Rule 4 of the Rules Governing § 2254 Cases.[5] An appropriate order will issue this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the United States Court of Appeals for the Fourth Circuit or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c).

---

[5] Pursuant to Rule 4 of the Rules Governing § 2254 Cases, the court may summarily dismiss a § 2254 petition where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the United States Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 31st day of August, 2010.

_____
Chief United States District Judge